852 F.2d 1294
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
HART PRECISION PRODUCTS, INC., Appellant,
v.
The UNITED STATES, Appellee.
 No. 88-1074.
 United States Court of Appeals, Federal Circuit.
 June 27, 1988.
 
 Before MARKEY, Chief Judge, COWEN, Senior Circuit Judge, and MAYER, Circuit Judge.
 COWEN, Senior Circuit Judge.
 
 DECISION
 
 1
 Hart Precision Products, Inc. (Hart) appeals the Armed Services Board of Contract Appeals' (Board) decision, ASBCA Nos. 28084 and 30974, 87-3 BCA (CCH) p 20,025 (July 14, 1987), denying its claim for an equitable adjustment based upon defective design specifications, commercial impracticability and superior government knowledge. We affirm the Board's decision.
 
 
 2
 The basic issue in this case arises from Hart's contention that in 1967, the Government deleted from the specifications a provision that would have allowed flame hardening of the oil seal rings to be delivered under the contract by localized heat treatment. Hart claims as a result of this deletion, the Government's specifications were defective and restricted Hart to through hardening, a method that was known to cause warping of the parts, and caused the loss and damages claimed.
 
 
 3
 After reviewing of the evidence, including the testimony of Dr. Wisti, Hart's heat treating expert, the Board found that the specifications allowed Hart the option of using either the through hardening process or the localized hardening method, which would have obviated most of the difficulties and extra expenses Hart encountered.
 
 
 4
 The Board also found that there was no basis for the defective specification claim nor for Hart's assertion of superior knowledge by the Government. A careful review of the record shows that the decision of the Board is supported by substantial evidence, that it was not arbitrary or capricious, and that it was correct as a matter of law. See American Elec. Laboratories, Inc. v. United States, 774 F.2d 1110 (Fed.Cir.1985).
 
 
 5
 The record also shows that Hart failed to prove the actual or practical impossibility of performing the contract in accordance with the specifications. Therefore, the Board properly denied recovery on that ground. See Tecon Corp. v. United States, 411 F.2d 1271, 1281-82 (Ct.Cl.1969); Natus Corp. v. United States, 371 F.2d 450, 456 (Ct.Cl.1967).
 
 
 6
 We agree with the Board that a finding for the Government on the basic issue subsumes the other issues raised by Hart. Therefore, we find no basis for reversing the Board's decision.